## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL MILLER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:17-cv-1684** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S.** | § | |
| **TIMOTHY LEE DOANE and CHRIS** | § | |
| **DRAPER,** | § | |
| | § | |
| *Defendants.* | | |

## DEFENDANTS ALLSTATE TEXAS LLOYD'S
## AND CHRIS DRAPER'S  NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants, ALLSTATE TEXAS LLOYD'S and CHRIS DRAPER, file this their Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following:

## I.
## FACTUAL BACKGROUND

1.      On or about April 22, 2017, Plaintiff filed his Original Petition in a case styled *Michael Miller v. Allstate Texas Lloyd's, Timothy Lee Doane and Chris Draper*, Cause No. 2017-26941, pending in the 151st Judicial District Court for Harris County, Texas.

2.      CT Corporation received service of the Original Petition on May 3, 2017 for Allstate Texas Lloyd's.  Chris Draper received service of the Original Petition by certified mail on or about May 3, 2017. In response, Defendants filed an Original Answer to Plaintiff's Original Petition on May 26, 2017.

3.      Based upon information and belief, Plaintiff has not perfected service upon Co-Defendant, Timothy Lee Doane.

4.      Defendants file this notice of removal within 30 days of receiving service of Plaintiff's pleading.  *See* 28 U.S.C. §1446(b).

5.      Attached hereto are copies of the following documents:

- **Exhibit 1:**     The state court's Docket Sheet;

- **Exhibit 2:**     Plaintiff's Original Petition;

- **Exhibit 3:**     Civil Case Info Sheet;

- **Exhibit 4:**     Letter Requesting Civil Process

- **Exhibit 5:**     Citation served on Allstate Texas Lloyds;

- **Exhibit 6:**     CMRRR Allstate;

- **Exhibit 7:**     Citation served on Timothy Lee Doane;

- **Exhibit 8:**     CMRRR Doane;

- **Exhibit 9:**     Citation served on Chris Draper;

- **Exhibit 10:**    CMRRR Draper;

- **Exhibit 11:**    Return Signed by Allstate;

- **Exhibit 12:**    Return Signed by Draper;

- **Exhibit 13:**    Answer – Allstate;

- **Exhibit 14:**    Answer – Draper;

- **Exhibit 15:**    List of Parties and Counsel

- **Exhibit 16:**    Texas HO-A Plus Homeowners Form A Policy (identified as Policy No. 938608294)

## II.
## <u>BASIS FOR REMOVAL</u>

6.      Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.      <u>Plaintiff, Michael Miller, and Allstate Texas Lloyd's Company Are Diverse</u>**

7.      Upon information and belief, Plaintiff, Michael Miller, was (at the time the lawsuit was filed) and is a resident of the State of Texas.  *See* Plaintiff's Original Petition, ¶ 2.

8.      Defendant Allstate Texas Lloyd's was, and at the date of this Notice, remains an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.

9.      Defendant, Timothy Lee Doane, is a resident of St. Petersburg, Florida and has not yet been served or appeared.

**B.      <u>Chris Draper Was Improperly Joined In This Lawsuit</u>**

10.     Plaintiff's Original Petition alleges that Co-Defendant, Chris Draper ("Draper") is an insurance agent who engages "in the business of selling property and casualty insurance in the State of Texas."  *See* Plaintiff's Original Petition, ¶ 5.  However, Plaintiff has improperly joined Draper as a party to this lawsuit.

11.     A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Allstate would show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, individually,"

which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. Draper, an insurance agent, committed no tort in his individual capacity.

12.     The Court may conduct the *Smallwood* test using a Rule 12(b)(6) type analysis of the Original Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, the Southern District has required Plaintiff "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

13.     Further, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ.

P. 8(a)(2).  The purpose is to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. V. Twombly*, 550 U.S. 554, 555 (2007) (internal quotation marks and ellipsis omitted).  And the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 547.  Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  And "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility.  *Iqbal*, 556 U.S. at 663.

14.     In his Petition, Plaintiff alleges the following relating to Draper:

12.   Allstate, through its agent, Draper, sold the Policy, insuring the Property, to Plaintiff.  Draper represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. . . .

78A.  By Draper's acts, omissions, failures, and conduct, AZ Insurance violated sections 17.46(b)(2) and 17.46(b)(5) of the DTPA.  AZ Insurance's violations include causing confusion as to the Policy benefits, and representing that the Policy had benefits or characteristics that it did not possess.

78B.  Draper breached an express warranty during the sale of the Policy that the damages caused by wind and hail would be covered under the Policy, when they were not.  This breach entitles Plaintiff to recover under sections 17.46(b)(12), 17.46(b)(20), and 17.50(a)(2) of the DTPA.

* * *

81.   Specifically, Draper misrepresented that the Policy afforded benefits in the form of payment for hail and wind damages, when the Policy did not.

15.     The main dispute in this case is whether Plaintiff's property sustained a covered loss - - specifically wind and/or hail damages claimed by Plaintiff.  The contract at issue in this case is a House & Home Policy that Allstate issued to Plaintiff and his spouse, Jacquelyn, for the period of September 7, 2015 to September 7, 2016.  *See* **Exhibit '16'**.  That policy expressly provides windstorm and hail coverage, and states in pertinent part:

> **Section I – Perils Insured Against**
>
> We  insure against physical loss to the property described in Coverage A (Dwelling) and Coverage B (Personal Property) caused by a peril listed below unless the loss is excluded in Section I Exclusions.
>
> * * *
>
> **3. Windstorm, Hurricane and Hail.**
>
> This peril  does not cover:
>
> b)  loss  caused by rain, snow, sand or dust weather or not driven by wind, unless the direct force of wind or hail makes an opening in the roof or wall and the rain, snow, sand or dust enters through this opening and causes damage.
>
> * * *

16.     There is no dispute that the subject policy provided windstorm and hail coverage (as quoted above).  And at no time has Allstate alleged otherwise.  Thus, contrary to the allegations in ¶¶ 78A, 78B and 81 of the Petition, Draper did not misrepresent that the subject policy provided coverage for hail/wind damage because, as is clear from the plain language of the policy (quoted above), it did provide such coverage.  *See* Exhibit '16'.  Plaintiff's Petition does not identify any other alleged "misrepresentations" committed by Draper.

17.     All other allegations in Plaintiff's Petition regarding Draper are conclusory, in that they contain no reference to any material facts to which the law should apply.

18.     Briefly summarizing statutory language and common law causes of action, as Plaintiff did in his Petition, is not the same as pleading actionable facts to which a cause of action should apply.  Thus, there is no reasonable basis for the Court to predict that Plaintiff

might be able to recover against Draper.  *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at \*3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at \*3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

19.    Further, without asserting facts as to how Draper individually committed an actionable violation of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal.[1] Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendant.[2]  Texas law is clear that to be liable for alleged Insurance Code violations, Draper, individually, must have committed the violation that caused the harm.[3] Here, the alleged harm is Allstate's failure to pay the claim.

20.    "[T]o state a valid state law cause of action, Plaintiff's Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery."[4]  It does not.  Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action.[5] Here, Plaintiff has asserted claims against Draper simply in an attempt to defeat diversity jurisdiction.  And Plaintiff's assertions against Draper, the non-

---

[1]  *See Twombly*, 550 U.S. at 555.

[2]  *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).

[3]  *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).

[4]  *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)).

[5]  *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009).

diverse Defendant, fail to show any likelihood of recovery against Draper individually.  Thus, the citizenship of the non-diverse Defendant, Draper, is disregarded and removal of this case to federal court is proper.

### C.      The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

21.      In his Petition, Plaintiff alleges that the actual damage to his property is "currently estimated at $23,446.51.  However, Plaintiff's Petition demands that three (3) times the amount of the alleged actual damages.  *See* Plaintiff's Original Petition, ¶¶ 87-88.  Plaintiff also demands penalty interest, exemplary damages and other payment from Defendants.  *See* Plaintiff's Original Petition, ¶¶ 89-93.  Plaintiff also seeks damages of $100,000 or less.  Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

22.      Allstate Texas Lloyds received this lawsuit on May 3, 2017, when service was perfected upon it through CT Corporation via certified mail.  Draper received this lawsuit by certified mail on May 3, 2017.  Thus, Defendants are filing this Notice within the 30-day period required by 28 U.S.C. § 1446(b).

23.      Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii)  a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

24.      Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

25.     Promptly after Defendants file this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

26.     Promptly after Defendants file this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

27.     Consent of an improperly joined defendant is not necessary for removal.  Thus, Co-Defendant Timothy Lee Doane's consent is not necessary.   Doane, however, is a diverse party, being a resident of Florida.

## IV.
## CONCLUSION

28.     Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendants, ALLSTATE TEXAS LLOYD'S and CHRIS DRAPER, hereby remove this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins
State Bar No. 09601500
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
rhiggins@thompsoncoe.com

*and*

Marilyn S. Cayce
State Bar No. 17705500
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400

Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299
mcayce@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS -**
*ALLSTATE TEXAS LLOYD'S* AND *CHRIS DRAPER*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 5, 2017, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Chad T. Wilson
Chad T. Wilson Law Firm PLLC
455 East Medical Center Blvd
Suite 555
Webster, Texas 77598
***Counsel for Plaintiff***

*/s/ Marilyn S. Cayce*
Marilyn S. Cayce