4/22/2017 12:57:56 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16608035
By: Justin Kitchens
Filed: 4/24/2017 12:00:00 AM

## 2017-26941 / Court: 151

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL MILLER, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S, | § | |
| TIMOTHY LEE DOANE, and CHRIS | § | |
| DRAPER, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Michael Miller, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Texas Lloyd's ("Allstate Texas Lloyd's"), Timothy Lee Doane ("Doane"), and Chris Draper ("Draper") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiff, Michael Miller, resides in Harris County, Texas.

3.    Defendant, Allstate Texas Lloyd's, is a Texas insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon Allstate Texas Lloyd's through its registered agent for service:  **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.  Plaintiff requests service at this time.

4.    Defendant Timothy Lee Doane is an insurance adjuster, who engages in the business of

Certified Document Number: 74788733 - Page 1 of 22

## EXHIBIT 2

adjusting property and casualty claims in the State of Texas, and who operates under the course and working scope of employment with Allstate Texas Lloyd's. Doane is an individual resident of St. Petersburg, Florida and may be served with citation at the following address: **3244 39th Street North, St. Petersburg, Florida 33713-2316**. Plaintiff requests service at this time.

5. Defendant, Chris Draper, is an insurance agent, who engages in the business of selling property and casualty insurance in the State of Texas, and who operates under the course and working scope of employment with Allstate Texas Lloyd's. Plaintiff requests service of citation upon Chris Draper at the address listed with the Texas Department of Insurance: **11623 Spring Cypress Road, Suite A, Tomball, Texas 77377-8924.** Plaintiff requests service at this time.

## JURISDICTION

6. The Court has jurisdiction over Allstate Texas Lloyd's because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate Texas Lloyd's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

7. The Court has jurisdiction over Doane because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

8. The Court has jurisdiction over Draper because Draper engages in the business of selling property and casualty insurance policies in the State of Texas, and the causes of action arise out of Draper's business activities in the state, including those in Harris County, Texas,

2

Certified Document Number: 74788733 - Page 2 of 22

with reference to this specific case.

**VENUE**

9.      Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

10.     Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, violations of the Texas DTPA, negligence and gross negligence.

11.     Plaintiff owns an Allstate Texas Lloyd's homeowner's insurance policy, number 000938608294 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 22538 August Leaf Drive, Tomball, Texas 77375 ("the Property").

12.     Allstate Texas Lloyd's, through its agent, Draper, sold the Policy, insuring the Property, to Plaintiff.  Draper represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  Allstate Texas Lloyd's has refused the full extent of that coverage currently owed to Plaintiff.

13.     On or about April 18, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Tomball, Texas area.

14.     In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Allstate Texas Lloyd's against the Policy for damage to the Property.  Allstate Texas Lloyd's assigned claim number 0438761199 to Plaintiff's claim.

15.     Plaintiff asked Allstate Texas Lloyd's to cover the cost of damage to the Property pursuant to the Policy.

16.     Damaged areas of the property include, but are not limited to the roof, vents, flashings,

3

Certified Document Number: 74788733 - Page 3 of 22

windows, window screens, fascia, gutters, downspouts, HVAC system, shed, and fencing.

17.     Allstate Texas Lloyd's assigned or hired Doane to adjust the claim.

    a.     Doane had a vested interest in undervaluing the claims assigned to him by Allstate Texas Lloyd's in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's is evidence of fraud on the part of Doane. The valuation of damages that were included in Doane's report compared to Plaintiff's is also evidence of fraud on the part of Doane.

    b.     Furthermore, Doane was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Doane had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c.     Doane made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

    d.     Doane made further misrepresentations to Plaintiff during his inspection. Doane used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

18.     Allstate Texas Lloyd's, through its agents, namely Doane, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

19.     The initial adjustment of the claim occurred on or around December 14, 2016.  Doane found hail damage to one rain cap located on the roof, resulting in $435.46 in damage from a covered peril to the property.

4

Certified Document Number: 74788733 - Page 4 of 22

20.   After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

21.   To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $23,446.51.

22.   Since due demand was made on December 30, 2016, Allstate Texas Lloyd's has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

23.   As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate Texas Lloyd's failed to provide full coverage due under the Policy.

24.   As a result of Allstate Texas Lloyd's failure to provide full coverage, along with Allstate Texas Lloyd's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

25.   Allstate Texas Lloyd's failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Allstate Texas Lloyd's refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

26.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate Texas Lloyd's and Plaintiff.

Certified Document Number: 74788733 - Page 5 of 22

27. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Allstate Texas Lloyd's, through its agents, servants, and representatives, namely Doane, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

30. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

31. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

6

32.   Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYD'S
### BREACH OF CONTRACT

33.   All allegations above are incorporated herein.

34.   Allstate Texas Lloyd's is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate Texas Lloyd's and Plaintiff.

35.   Allstate Texas Lloyd's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

36.   All allegations above are incorporated herein.

37.   Allstate Texas Lloyd's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

38.   Allstate Texas Lloyd's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

39.   Allstate Texas Lloyd's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy

Certified Document Number: 74788733 - Page 7 of 22

was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40. Allstate Texas Lloyd's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41. Allstate Texas Lloyd's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

42. Allstate Texas Lloyd's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

43. All allegations above are incorporated herein.

44. Allstate Texas Lloyd's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

45. Allstate Texas Lloyd's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

8

46.     Allstate Texas Lloyd's delay in paying Plaintiff's claim following receipt of all items,
        statements, and forms reasonably requested and required, for longer than the amount of
        time provided, constitutes a non-prompt payment of the claim.   TEX. INS. CODE
        §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

47.     All allegations above are incorporated herein.

48.     Allstate Texas Lloyd's conduct constitutes a breach of the common-law duty of good faith
        and fair dealing owed to an insured in insurance contracts.

49.     Allstate Texas Lloyd's failure to adequately and reasonably investigate and evaluate
        Plaintiff's claim, although, at that time, Allstate Texas Lloyd's knew or should have known
        by the exercise of reasonable diligence that liability was reasonably clear, constitutes a
        breach of the duty of good faith and fair dealing.

**DTPA VIOLATIONS**

50.     All allegations above are incorporated herein.

51.     Allstate Texas Lloyd's conduct constitutes multiple violations of the Texas Deceptive
        Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.   Plaintiff is a
        consumer of goods and services provided by Allstate Texas Lloyd's pursuant to the DTPA.
        Plaintiff has met all conditions precedent to bringing this cause of action against Allstate
        Texas Lloyd's.   Specifically, Allstate Texas Lloyd's violations of the DTPA include,
        without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Allstate Texas Lloyd's has violated
        sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate Texas
        Lloyd's violations include without limitation, (1) unreasonable delays in the

Certified Document Number: 74788733 - Page 9 of 22

investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Allstate Texas Lloyd's represented to Plaintiff that the Policy and Allstate Texas Lloyd's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Allstate Texas Lloyd's also represented to Plaintiff that the Policy and Allstate Texas Lloyd's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, Allstate Texas Lloyd's advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Allstate Texas Lloyd's breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Allstate Texas Lloyd's actions are unconscionable in that Allstate Texas Lloyd's took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate Texas Lloyd's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

Certified Document Number: 74788733 - Page 10 of 22

G.    Allstate Texas Lloyd's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

52.    Each of the above-described acts, omissions, and failures of Allstate Texas Lloyd's is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

53.    All allegations above are incorporated herein.

54.    Allstate Texas Lloyd's is liable to Plaintiff for common-law fraud.

55.    Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Allstate Texas Lloyd's knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

56.    Allstate Texas Lloyd's made the statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT TIMOTHY LEE DOANE

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

57.    All allegations above are incorporated herein.

58.    Doane's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

11

Certified Document Number: 74788733 - Page 11 of 22

59.     Doane is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate Texas Lloyd's, because Doane is a "person," as defined by TEX. INS. CODE §541.002(2).

60.     Doane knowingly underestimated the amount of damage to the Property.  As such, Doane failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

61.     Furthermore, Doane did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

62.     Doane's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

63.     Doane's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

64.     Furthermore, Doane expected litigation for his unfair settlement practices and attempted to conceal his true domicile by listing his address for service on the Texas Department of Insurance webpage as 1025 Creekside Ridge Drive, Roseville, California 95678, an Allstate insurance headquarters, when his place of domicile is actually located in St. Petersburg, Florida in violation of TEX. INS. CODE §4003.009 and §4101.151.

## DTPA VIOLATIONS

65.     All allegations above are incorporated herein.

Certified Document Number: 74788733 - Page 12 of 22

66.    Doane's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
       Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods
       and services provided by Doane pursuant to the DTPA.  Plaintiff has met all conditions
       precedent to bringing this cause of action against Doane. Specifically, Doane's violations
       of the DTPA include the following matters:

   A.    By this Defendant's acts, omissions, failures, and conduct, Doane has violated
          sections 17.46(b)(2), (5), and (7) of the DTPA.  Doane's violations include, (1)
          failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an
          estimate reflecting the proper repair of Plaintiff's Property when liability has
          become reasonably clear, which gives Plaintiff the right to recover under section
          17.46(b)(2).

   B.    Doane represented to Plaintiff that the Policy and his adjusting and investigative
          services had characteristics or benefits they did not possess, which gives Plaintiff
          the right to recover under section 17.46(b)(5) of the DTPA.

   C.    Doane represented to Plaintiff that the Policy and his adjusting services were of a
          particular standard, quality, or grade when they were of another, in violation of
          section 17.46(b)(7) of the DTPA.

   D.    Doane's actions are unconscionable in that Doane took advantage of Plaintiff's lack
          of knowledge, ability, and experience to a grossly unfair degree.  Doane's
          unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of
          the DTPA; and

Certified Document Number: 74788733 - Page 13 of 22

Certified Document Number: 74788733 - Page 14 of 22

E.    Doane's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

67.    Each of Doane's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Doane, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

## FRAUD

68.    All allegations above are incorporated herein.

69.    Allstate Texas Lloyd's assigned or hired Doane to adjust the claim.

a.    Doane had a vested interest in undervaluing the claims assigned to him by Allstate Texas Lloyd's in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's is evidence of fraud on the part of Doane. The valuation of damages that were included in Doane's report compared to Plaintiff's is also evidence of fraud on the part of Doane.

b.    Furthermore, Doane was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Doane had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.    Doane made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

## GROSS NEGLIGENCE

14

70.   All allegations above are incorporated herein.

71.   Doane's actions or omissions constitute gross negligence as defined in TEX. CIV. P. &
      REM. CODE § 41.001 (11)(A) and (B):

    a.   Doane's actions, when viewed objectively from the standpoint of the actor at the
      time of their occurrence involves an extreme degree of risk, considering the
      probability and magnitude of potential harm to Plaintiff; and

    b.   Doane had actual, subjective awareness of the risk involved but nevertheless
      proceeded with conscious indifference to the rights, safety, and/or welfare of
      Plaintiffs.

72.   Doane intentionally misrepresented the scope and amount of damages on the estimate
      prepared for Plaintiffs' Property on behalf of Allstate Texas Lloyd's. His estimate was to
      such an extreme degree below what another licensed adjuster would have done in this
      situation (as evidenced by Plaintiff's estimate); it was also in complete disregard for the
      risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to
      persist unrepaired.

## NEGLIGENCE

73.   All allegations above are incorporated herein.

74.   Doane was negligent in his actions with regard to his adjusting of Plaintiff's claim and
      violated the standard of care for an insurance adjuster licensed in the state of Texas. Those
      failures include one or more of the following acts or omissions:

    a.   Failure to conduct a reasonable inspection;

    b.   Failure to include covered damage that would be discovered as a result of
      reasonable inspection;

15

    c.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

    d.   Failure to identify the cost of proper repairs to Plaintiff's Property; and

    e.   Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

75.    Doane's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

76.    At all relevant times, Doane was an agent or employee of Defendant Allstate Texas Lloyd's.

77.    Doane's unreasonable inspection was performed within the course and scope of his duties with Defendant Allstate Texas Lloyd's. Therefore, Allstate Texas Lloyd's is also liable for the negligence of Doane through the doctrine of respondeat superior.

## CAUSES OF ACTION AGAINST CHRIS DRAPER

### DTPA VIOLATIONS

78.    Draper's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.46. Specifically, Draper's violations of the DTPA include, without limitation, the following matters:

    A.    By Draper's acts, omissions, failures, and conduct, Draper violated sections 17.46(b)(2) and 17.46(b)(5) of the DTPA. Draper's violations include causing confusion as to the Policy benefits, and representing that the Policy had benefits or characteristics that it did not possess.

    B.    Draper breached an express warranty during the sale of the Policy that the damages caused by wind and hail would be covered under the Policy, when they were not.

Certified Document Number: 74788733 - Page 16 of 22

This breach entitles Plaintiff to recover under sections 17.46(b)(12), 17.46(b)(20), and 17.50(a)(2) of the DTPA.

C.   The conduct, acts, omissions, and failures of Draper are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

D.   The conduct, acts, omissions, and failures of Draper are unconscionable in that she took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. This unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

79.   Each of the above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Draper, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: MISREPRESENTATION REGARDING POLICY OR INSURER

80.   Draper's conduct constitutes multiple violations of the Texas Insurance Code, Misrepresentations Regarding Policy or Insurer. TEX. INS. CODE §541.051(1)(a) and TEX. INS. CODE §541.051(1)(b).

81.   Specifically, Draper misrepresented that the Policy afforded benefits in the form of payment for hail and wind damages, when the Policy did not.

## KNOWLEDGE

82.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

Certified Document Number: 74788733 - Page 17 of 22

## WAIVER AND ESTOPPEL

83.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

84.    Since the claim was made, Allstate Texas Lloyd's has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

85.    Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.   Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

86.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

87.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

88.    The damage to Plaintiff's Property is currently estimated at $23,446.51.

Certified Document Number: 74788733 - Page 18 of 22

89. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

90. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

91. For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate Texas Lloyd's owed, and exemplary damages.

92. Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

Certified Document Number: 74788733 - Page 19 of 22

19

93.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

94.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

95.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

96.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

Certified Document Number: 74788733 - Page 20 of 22

## JURY DEMAND

97.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a
jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the
appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Allstate Texas Lloyd's, Timothy Lee Doane, and Chris
Draper, be cited and served to appear, and that upon trial hereof, Plaintiff,  Michael Miller, has
and recovers from Defendants, Allstate Texas Lloyd's, Timothy Lee Doane, and Chris Draper,
such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law
and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code
and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as
may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any
appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-
judgment interest as allowed by law; and for any other and further relief, at law or in equity, to
which Plaintiff, Michael Miller, may show Plaintiff is justly entitled.

[SIGNATURE PAGE TO FOLLOW]

Certified Document Number: 74788733 - Page 21 of 22

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Christian E. Hawkins
Bar No. 24092499
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
chawkins@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

Certified Document Number: 74788733 - Page 22 of 22



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this ___June 5, 2017___


Certified Document Number:        74788733 Total Pages:  22


*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**