# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1684 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| TIMOTHY LEE DOANE, | § | |
| and CHRIS DRAPER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Michael Miller's motion to remand. Dkt. 7. Having considered the motion, response, petition, and the applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

This is an insurance dispute between Miller and defendants Allstate Texas Lloyd's ("Allstate"), Timothy Lee Doane, and Chris Draper (collectively, "Defendants"). At all times relevant to this matter, Miller owned property located at 22538 August Leaf Drive, Tomball, Texas 77375 (the "Property"). Dkt. 1, Ex. 2 (state-court petition) at 3. Miller also maintained a homeowner's insurance policy (the "Policy") on the Property through Allstate. *Id.* Miller purchased the Policy from Draper, an insurance agent for Allstate. *Id.* According to Miller, Draper told him that the Policy included hail and windstorm coverage. *Id.* Allstate responds that the Policy plainly covers windstorm and hail damage unless the damage is to the Property's interior and not the result of a storm-created opening in the roof or wall. Dkt. 8 at 7–10.

The Policy states:

Section I – Perils Insured Against

Coverage[] A (Dwelling) and Coverage B (Personal Property)

We insure against physical loss to the property described in Coverage A (Dwelling) and Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section I Exclusions.

2. Windstorm, Hurricane and Hail.

This peril does not cover:

b) loss caused by rain, snow, sleet, sand or dust whether or not driven by wind, unless the direct force of wind or hail makes an opening in the roof or wall and the rain, snow, sand or dust enters through this opening and causes the damage.

Dkt. 8 at 7–8.

On or about April 18, 2016, the Property was damaged by a severe storm. Dkt. 1, Ex. 2 at 3. Miller asserts that "[d]amaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, HVAC system, shed, and fencing." *Id.* at 3–4. After the Property was damaged, Miller submitted a claim against the Policy to Allstate. *Id.* at 3. Allstate then "assigned or hired Doane to adjust the claim." *Id.* at 4. On or around December 14, 2016, Doane inspected the Property, and found $435.46 in covered damage. *Id.* at 4. Miller claims that Doane's assessment undervalued the amount of damage to the property and that Doane misrepresented the cause of damage to the Property. *Id.* Miller claims that although the damage to the Property is estimated at $23,446.51, he has received $0.00 from Allstate for damage to the Property. *Id.* at 5.

On or about April 24, 2017, Miller filed suit against Defendants in the 151st Judicial District Court of Harris County, Texas. Dkt. 1, Ex. 1. Miller asserts causes of action (1) against Draper for violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code; (2)

2

against Allstate for breach of contract, breach of the duty of good faith and fair dealing, fraud, and violations of the DTPA and Texas Insurance Code; and (3) against Doane for fraud, negligence, gross negligence, and violations of the DTPA and the Texas Insurance Code. Dkt. 1, Ex. 2 at 7–17 (citing Tex. Bus. & Com. Code Ann. § 17.41–63 (West 2017), Tex. Ins. Code Ann. §§ 541– 42, 4003, 4101 (West 2017); Tex. Civ. Prac. & Rem. Code § 41.001(11)(A)-(B) (West 2017)).

On June 5, 2017, Allstate, Doane, and Draper removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446. Dkt. 1. On June 30, 2017, Miller filed a motion to remand. Dkt. 7. On July 20, 2017, Defendants responded. Dkt. 8. The motion is now ripe for disposition.

## II. LEGAL STANDARDS

### A. Removal

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant may remove an action to federal court in instances where the court would have original jurisdiction over the case. 28 U.S.C. § 1441. Here, Defendants assert the court can exercise diversity jurisdiction. Dkt. 1 at 1. Subject matter jurisdiction based on diversity requires complete diversity among the parties and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332. A case which does not have complete diversity may be removed if the in-state defendant was named for the purpose of destroying diversity, which is known as improper joinder. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). "As 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns' and as such must be strictly construed." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)).

3

Accordingly, "any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82.

Defendants assert that Draper, a Texas resident whose presence would destroy diversity, was improperly joined. Dkt. 1 at 3. The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The court may either utilize a Rule 12(b)(6)-type analysis or a summary judgment-type inquiry to determine whether the plaintiff has established a cause of action under state law. *Id.* at 573. A summary judgment-type inquiry is required when there are few facts in the plaintiff's original petition. *Id.* ("[T]he district court may, in its discretion, pierce the pleadings and conduct a summary [judgment] inquiry" in such cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."). "[S]uch a procedure requires that 'all disputed questions of fact' be 'resolved in favor of the nonremoving party.'" *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (quoting *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990) (emphasis removed)). "Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Here, Defendants assert only the second basis for improper joinder, which requires the court to determine whether Miller has pled any viable claims against Draper. Dkt. 1 at 3–4; *see Smallwood*, 385 F.3d at 573. To establish improper joinder on this basis, the court must find that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Therefore, Defendants have the heavy burden of

establishing that Miller has failed to meet the pleading standard on every claim asserted against Draper. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998) ("As a preliminary matter, we emphasize that the burden of establishing federal jurisdiction is placed upon the party seeking removal.").

**B.     Rule 12(b)(6) Standard**

To demonstrate that Miller failed to meet the federal pleading standard, the court may perform a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573. In a Rule 12(b)(6)-type analysis, a federal court must apply the federal pleading standard to the original state court pleading. *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016). In considering Rule 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Courts should "not look beyond the face of the pleadings" when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citations omitted). Although detailed factual allegations are not required to prevail on a Rule 12(b)(6) analysis, a plaintiff must allege "more than labels and conclusions, and [] formulaic recitation[s] of the elements of a cause of action" to "provide the 'grounds' of his 'entitle[ment] to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). The facts supporting the plaintiff's cause of action must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id*. If "a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim." *Aspen Specialty Ins. Co. v. Muniz Eng'g, Inc.*, 514 F. Supp. 2d 972, 980 (S.D. Tex. 2007) (Harmon, J.) (citing *Kaiser Aluminum*, 677 F.2d at 1050). Ultimately, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

5

C.  **Summary Inquiry Standard**

Defendants have presented no summary judgment-type evidence in this case. Therefore a summary judgment-type analysis is not appropriate here. *See Smallwood*, 385 F.3d at 573-74. Accordingly, the court will conduct a Rule 12(b)(6)-type analysis to determine if Miller's claims against Draper meet the federal pleading standard.

### III. ANALYSIS

It is undisputed that both Miller and Draper are residents of Texas. Dkt. 1, Ex. 2 at 1-2; Dkt. 8 at 2. It is further undisputed that diversity of citizenship exists between Miller and Doane, as Doane is a resident of Florida. Dkt. 1, Ex. 2 at 1–2. Allstate "remains an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey." Dkt. 1 at 3. Miller does not address the amount in controversy requirement in his motion to remand, so the court will not address it here. Dkt. 7. The issue is whether Miller improperly joined the in-state defendant, Draper, to defeat diversity jurisdiction. Dkt. 1.

Miller contends that remand is appropriate because his claims against Draper, the non-diverse defendant, are sufficiently well-pled as to state a claim under Texas law. Dkt. 7 at 6–7. Thus, Miller asserts that Draper was properly joined and complete diversity does not exist.[1] *Id.*

Defendants counter that this case was properly removed to federal court because Draper was improperly joined. Dkt. 1 at 3. Defendants argue that the claims against Draper should be dismissed because (1) Miller's claims are conclusory and not sufficient to survive a 12(b)(6) dismissal, and (2)

---

[1] On page 6, Miller incorrectly says "[a]s Doane was properly joined as a defendant in the above captioned cause, complete diversity does not exist and this court lacks subject matter jurisdiction." Dkt. 7 at 6–7. The court construes this as a typographical error, as Draper, not Doane, is the only party who could potentially destroy diversity.

Miller failed to allege an actionable misrepresentation claim. Dkt. 1 at 3-4. The court will examine Defendants' arguments and determine whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A.     **The Sufficiency of Miller's Claims Against Draper**

Miller alleges that Draper's conduct in selling the Policy to him violated the DTPA and the Texas Insurance Code. Dkt. 1, Ex. 2 at 16–17. The court will (1) examine the elements Miller needs to allege under the DTPA and the Texas Insurance Code and (2) conduct a Rule 12(b)(6) analysis on Miller's allegations to determine if they are sufficient to state a claim. "Both the Texas Insurance Code and the Texas Deceptive Trade Practices Act permit a private cause of action against 'any person' who commits one of the prohibited acts or practices." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (citing Tex. Ins. Code Ann. § 541.002(b) and Tex. Bus. & Com. Code § 17.50).

**1. Required Elements Under the DTPA and Texas Insurance Code**

To state a valid claim under the DTPA, Miller must show that (1) he is a consumer, (2) that the defendant engaged in false, misleading, or deceptive acts which are either enumerated in §17.46 or relied on by Miller to his detriment, and (3) that those acts were a producing cause of Miller's damages. Tex. Bus. & Com. Code Ann. § 17.50(a)(1). "'Consumer' means an individual . . . who seeks or acquires by purchase or lease, any goods or services . . . ." *Id.* § 17.45(4). "Purchase of an insurance policy is the purchase of a service within the meaning of the Texas DTPA." *Webb v. UnumProvident Corp.*, 507 F. Supp. 2d 668, 678 (W.D. Tex. 2005) (citing *3Z Corp v. Stewart Title Guar. Co.*, 851 S.W.2d 933, 937 (Tex.App.—Beaumont 1993, no writ)). Thus, Miller is a consumer

under the terms of the DTPA and can bring suit for any violations of the DTPA connected to his purchase of the Policy.

To state a valid claim under the Texas Insurance Code, a plaintiff must show that (1) a misrepresentation was made, issued or circulated (2) with regard to either (i) the Policy's terms, or (ii) its benefits or advantages. Tex. Ins. Code § 541.051(1)(a)-(b).

**2. Rule 12(b)(6)-Type Analysis**

With regard to both the DTPA and Texas Insurance Code, "Texas courts [recognize] that the statutory language is broad enough to permit in the appropriate circumstances a cause of action against an insurance agent who engages in unfair or deceptive acts or practices." *Griggs*, 181 F.3d at 701; *see, e.g.*, *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998) (holding an insurance agent individually liable for misrepresenting the premium due); *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex. App.—Austin 1991, no writ) (holding an insurance agent individually liable for misrepresenting that damage resulting from a mudslide was covered under the homeowner's insurance policy). Therefore, as an Allstate agent, Draper can be held liable under both the DTPA and the Texas Insurance Code.

However, Miller's allegations must feature more than labels and conclusions. *See Twombly*, 550 U.S. at 555 ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986))). The bulk of Miller's allegations against Draper merely assert that Draper violated the DTPA and Texas Insurance Code without alleging any case-specific facts. *See generally Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's London*, No. CV H–16–234, 2016 WL 4494439, at *3 (S.D. Tex. Aug. 26, 2016) (Miller, J.) (citing *Okenkpu v. Allstate Texas Lloyd's*, CV H–16–234, 2016 WL 4494439, at *7 (S.D. Tex. Mar. 27, 2012) (Harmon, J.) (collecting cases)). Miller alleges that "Draper violated

[S]ections of 17.46(b)(2) and 17.46(b)(5) of the DTPA" by his "acts, omissions, failures, and conduct." Dkt. 1, Ex. 2 at 16. Miller also asserts that "Draper's violations include causing confusion as to the Policy benefits and representing that the Policy had benefits or characteristics that it did not possess." *Id.* Further, Miller contends that "[t]he conduct, acts, omissions, and failures of Draper are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA." *Id.* at 17. Regarding the Texas Insurance Code, Miller contends that "Draper's conduct constitutes multiple violations of the Texas Insurance Code." *Id.* These types of conclusory allegations are insufficient to state a claim for relief under the Rule 12(b)(6) pleading requirements.

Miller did, however, allege one more specific factual allegation regarding his misrepresentation claims. Dkt. 1, Ex. 2 at 17. With regard to the misrepresentation claims under the Texas Insurance Code and DTPA, Miller asserts that "Draper misrepresented that the Policy afforded benefits in the form of payment for hail and wind damages, when the Policy did not." *Id.* For the purposes of a Rule 12(b)(6) analysis, the court will assume this allegation is true and must determine whether it "plausibly give[s] rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937 (2009).

Because Miller's claims against Draper are predicated on misrepresentation—and because such claims are often subject to the Rule 9(b) standard[2]—Miller "must state with particularity the

---

[2]*See, e.g.*, *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.") (citations omitted); *Di Tommaso v. State Farm Lloyd's*, No 15-CV-00274, 2016 WL 6883042 at *2 (S.D. Tex. Sept. 28, 2016) (Alvarez, J.) ("[C]ourts have consistently applied Rule 9(b)'s heightened pleading standard to Texas Insurance Code claims [and] DTPA claims . . . . Some courts have been careful to distinguish between Texas Insurance Code provisions which are ultimately grounded in fraud and those that are not. However, courts applying Rule 9(b) to DTPA claims make no such fine-tuned distinctions."); *Mt. Olive*, 2016 WL 4494439 at *4 (analyzing misrepresentation claims under the Rule 9(b) standard typically applicable to fraud claims); *Partain v. Mid-Continent Specialty Ins. Servs, Inc.*, 838 F. Supp. 2d 547, 557 (S.D. Tex. 2012) (Ellison, J)

9

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To survive a Rule 9(b) analysis, a plaintiff must set forth in the complaint "the who, what, when, where, and how" of the events in question. *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002); *see Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

Defendants contend that Miller fraudulently joined Draper, a non-diverse party, because he "fail[ed] to specify a legal and factual basis for a claim" against Draper. Dkt. 1 at 4 (citing *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994)). In *Waters*, the insured sued both his insurer and the insurer's agent to recover unpaid benefits. *Waters*, 158 F.R.D. at 108. The insured alleged fraud and violations of the DTPA and of the Texas Insurance Code. *Id.* The Defendants removed the case from state court to federal court contending that the agent had been fraudulently joined so as to defeat diversity jurisdiction. *Id.* They further contended that in his complaint, the insured merely asserted conclusory statements—such as that the agent made a misrepresentation about the benefits of an insurance policy—which "do not state a cause of action without factual support."[3] *Id.* Further, the insured's counsel stated that he did not know of any evidence linking the insurance agent to a material misrepresentation, but that he suspected the evidence would show that the insurance agent had made a misrepresentation. *Id.* at 109. The court found the insured's allegation insufficient and held that more specific facts were required for a claim under Rule 9(b). *Id.*

---

(determining that a claim under § 541.051 of the Texas Insurance Code is substantively identical to a claim for fraud, and requires satisfactory pleading of the Rule 9(b) requirements if the plaintiff pleads that the defendant knowingly or recklessly made misrepresentations).

[3] Support sufficient to state a claim for misrepresentation might "specify the time, place, or content of any alleged misrepresentations." *Waters*, 158 F.R.D. at 109.

By contrast, Miller does not merely plead that Draper made a general misrepresentation about the policy's coverage, as was the case in *Waters*. *Id.* Miller specifically alleges that when he purchased his Policy, Draper misrepresented to him that the Policy included hail and windstorm coverage for the Property; yet, once Allstate interpreted the Policy, coverage was largely denied. Dkt. 1, Ex. 2 at 4–5. Miller claims that the denial damaged him because he did not receive his expected insurance payment. Dkt.1, Ex. 2 at 18–20. Miller's allegations are more specific because they identify who made the misrepresentation, the contents of the misrepresentation, and why the misrepresentation was false. *Id.* Miller does not expressly allege time and place in his complaint, but it is fair to infer that this alleged misrepresentation took place when and where Miller purchased the Policy. *See U.S. ex. rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)) ("'Rule 9(b)'s ultimate meaning is context-specific,' and thus there is no single construction of Rule 9(b) that applies in all contexts.").

**B.     Actionable Misrepresentation**

Second, the Defendants also argue that the alleged misrepresentation is not actionable as there was no affirmative misrepresentation. Dkt. 1 at 6. The court will examine (1) whether there was a misrepresentation which induced Miller to purchase the policy, and (2) whether Miller's reliance on the alleged misrepresentation about the scope of windstorm and hail coverage was justifiable.

   **1. Inducement**

"Before any misrepresentation can be said to be actionable, it must have induced the purchase." *Tsao v. Ferring Pharms., Inc.*, No. 16-cv-01724, 2017 WL 746451 at *9 (S.D. Tex. Jan. 24, 2017). Here, the court finds that Miller's claim is too vague to meet his burden of specificity under Rule 9(b) because there are no allegations suggesting that Miller relied on Draper's misrepresentation in connection with Miller's decision to purchase the Policy. The bare allegation

11

that Draper misrepresented the scope of Miller's windstorm and hail coverage is not sufficient to show that the misrepresentation induced the purchase. *See id.* (noting that a "bare allegation of reliance . . . is not sufficient to satisfy the heightened pleading required for a claim of fraud").

### 2. Justifiable Reliance

Furthermore, under Texas Law, the claimant must show his reliance on the alleged misrepresentation was justifiable. *Lewis v. Bank of Am. NA*, 343 F.3d 540, 546 (5th Cir. 2003)). "A fraud plaintiff 'cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation.'" *Id.* (quoting *Field v. Mans*, 516 U.S. 59, 70–71, 116 S.Ct. 437 (1995)). Therefore, "'reliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not justified as a matter of law.'" *Fannie Mae v. U.S. Prop. Sols., LLC*, No. H-08-3588, 2011 WL 66161, at *6 (S.D. Tex. Jan. 10, 2011) (Miller, J.) (quoting *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)).

An insured is "deemed to know the contents of the [insured's insurance] policy" unless the insured alleges an affirmative misrepresentation that would conflict with those terms. *Wyly v. Integrity Ins. Sols.*, 502 S.W.3d 901, 912 (Tex.App.—Houston [14th Dist.] 2016, no pet.). "An imprecise or vague representation constitutes mere opinion and is not actionable under the DTPA." *Bank One, Texas, N.A. v. Little*, 978 S.W.2d 272, 280 (Tex. App.—Fort Worth 1998, pet. denied); *see also Wyly*, 502 S.W.3d at 908; *Hedley Feedlot, Inc. V. Weatherly Trust*, 855 S.W.2d 826, 839 (Tex. App.—Amarillo 1993, writ denied). Miller argues that Draper misrepresented the Property's coverage under the Policy by failing to note the limiting language in the Policy. Dkt. 7 at 5. Conversely, Defendants argue that because Miller's policy expressly covers windstorm and hail

12

damage and explicitly states the limiting principle, Miller's claim of misrepresentation and reliance is barred. Dkt. 1 at 6. The court agrees with Defendants. Miller failed to make an affirmative misrepresentation with regard to the policy limitation. *See Manion v. Sec. Nat'l Ins. Co.*, No. 13-01-00248-CV, 2002 WL 34230861, at *2 (Tex. App.—Corpus Christi-Edinburg 2002, no pet.) (holding that a plaintiff who did not allege that the defendant "claimed there were no exclusions in the policy" did not state an actionable claim of misrepresentation). Therefore, Miller was responsible for reading the Policy and cannot meet the justifiable reliance prong.

In sum, Miller's allegations feature more details than a general allegation of misrepresentation. Yet, Miller's misrepresentation allegations are not actionable because: (1) the bare allegation that Draper misrepresented the scope of Miller's windstorm and hail coverage is not sufficient to show that Draper's misrepresentation induced the purchase, and (2) there is no alleged misrepresentation about the meaning of the Policy's windstorm and hail exclusion and the terms of the Policy expressly cover windstorm and hail damage. Therefore, Miller's reliance on Draper's alleged misrepresentation is unjustifiable and, as currently pled, Miller's original petition fails to state any actionable claims for misrepresentation under the DTPA or the Texas Insurance Code.

Accordingly, the court finds that Defendants have met their heavy burden to show that Draper was improperly joined because Miller fails to state a claim against Draper. Therefore, there is "no reasonable basis for the district court to predict" that Miller might be able to recover against Draper. *Smallwood*, 385 F.3d 573. Miller's claims against Draper are DISMISSED WITHOUT PREJUDICE. Because there is complete diversity between Miller and defendants Allstate and Doane, Miller's motion to remand is DENIED.

13

## IV. CONCLUSION

Based on the foregoing, Miller's motion to remand (Dkt. 5) is DENIED and Miller's claims against Draper are DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on August 4, 2017.

_____
Gray H. Miller
United States District Judge