UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL MILLER, §
§
    *Plaintiff*, §
§
v. § CIVIL ACTION H-17-1684
§
ALLSTATE TEXAS LLOYD'S, *et al.*, §
§
    *Defendants*. §

## ORDER

Pending before the court is defendant Allstate Texas Lloyd's ("Allstate") motion to compel appraisal and abate proceedings and motion to compel inspection.[1] Dkts. 19, 20. Having considered the motions, response, reply, and applicable law, the court is of the opinion that the motion to compel appraisal should be GRANTED and the motion to compel inspection should be DENIED AS MOOT.

### I. BACKGROUND

This case arises from damage to plaintiff Michael Miller's property during a storm in April 2016. Dkt. 1-2 at 3. Miller and Allstate disagree about the amount of loss to the property. *Id.* at 4–5. According to Allstate, "the covered loss fell below the deductible." Dkt. 20 at 2. Miller argues

---

[1] Allstate filed its motion to compel appraisal and abate proceedings on March 16, 2018. Dkt. 20. Then, Allstate filed a substantially similar motion to compel appraisal and abate litigation on April 3, 2018. Dkt. 22. That same day, Allstate also filed its reply to the original motion to compel appraisal (Dkt. 20). Dkt. 23. The court finds no substantive difference between Allstate's first and second motion. And because the court grants the first motion, the second is rendered moot. Further, the second motion is not accompanied by a proposed order, which violates this court's procedures. *See* Judge Miller's Procedures ¶ 6(A)(3). Accordingly, the court STRIKES Allstate's second motion to compel appraisal (Dkt. 22).

that the property suffered $23,446.51 in damages. Dkt. 1-2 at 5. The insurance policy addresses these types of disputes and provides:

> If you and we fail to agree on the actual cash value, amount of loss[,] or the cost of repair, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item.
>
> If the appraisers fail to agree, they will submit their difference to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.
>
> Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

Dkt. 20-1 at 31–32.

On March 8, 2018, Allstate made a written demand for appraisal. Dkt. 20-2. Miller did not comply with the appraisal requirements in the policy. Accordingly, Allstate first filed a motion to compel inspection of the property. Dkt. 19. Then, Allstate filed a motion to compel appraisal and abate the case.[2] Dkt. 20. Miller opposes appraisal and abatement. Dkt. 21.

## II. LAW AND ANALYSIS

"The [c]ourt must apply the terms of the insurance contract as it is written." *James v. Prop. and Cas. Ins. Co. of Hartford*, No. H–10–1998, 2011 WL 4067880, at *1 (S.D. Tex. Sept. 12, 2011) (citing *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010)). Here, the appraisal clause clearly and unambiguously grants both the insured and the insurer the right to demand an appraisal

---

[2] Allstate acknowledges that the motion to compel inspection "would be rendered moot if the appraisal motion is granted." Dkt. 20 at 5. Thus, the court will consider the motion to compel appraisal first.

of the loss. Dkt. 20-1 at 31–32. Under Texas law, appraisal clauses are generally enforceable and have been upheld as a means for determining loss. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889–89 (Tex. 2009). However, Miller argues that the court should not compel appraisal and abate the case because: (1) he has the right to prove other elements of his claims regardless of the appraisal; and (2) he would be prejudiced by requiring appraisal at this time.[3] Dkt. 21.

Miller argues that he has the right to conduct discovery in order to prove his other contract claims and extra-contractual claims. Dkt. 21 at 3. The court agrees that all of Miller's claims will not necessarily be resolved through the appraisal process. But appraisal is likely to narrow, if not resolve, Miller's breach of contract and extra-contractual claims. *See Cavazos v. State Farm Lloyds*, No. 7:14–CV–395, slip op. at 2 (S.D. Tex. Mar. 3, 2015). Notably, Miller relies on a different order in *Cavazos* to support the assertion that the case should not be abated even if the motion to compel appraisal is granted. Dkt. 21 at 3 (citing *Cavazos*, 2015 WL 8074063, at *4). But in *Cavazos*, the court granted a motion to abate proceedings pending appraisal. *Cavazos*, slip op. at 2–3 (S.D. Tex. Mar. 3, 2015). According to the court, "[i]f the parties and the Court continue to proceed on this case, it could ultimately result in wasted time, money, and energy if the appraisal process resolves the case or significantly narrows the issues." *Id.* at 2. The same holds true in the instant case. Thus, the case should be abated if the court compels appraisal.

Miller, in making a waiver argument, also asserts that he will be prejudiced by appraisal because Allstate waited so long to invoke the appraisal clause. Dkt. 21 at 4. "Waiver requires intent, either the 'intentional relinquishment of a known right or intentional conduct inconsistent with

---

[3]While not explicitly worded as such, Miller essentially makes an argument that Allstate waived its right to appraisal by waiting too long to invoke the right. Dkt. 21 at 4–5.

3

claiming that right.'" *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006) (quoting *Sun Expl. & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987)). "Waiver is an affirmative defense; the burden to show waiver is on the party challenging the right to appraisal." *James*, 2011 WL 4067880, at *1. "In order to establish waiver . . . a party must show that an impasse was reached, and that any failure to demand appraisal within a reasonable time prejudiced the opposing party." *Universal Underwriters*, 345 S.W.3d at 412.

Miller fails to meet his burden for two reasons. First, a demand for appraisal must be made within a reasonable time from impasse, not just mere disagreement. *Id.* at 409, 412. An impasse is reached when there is "a mutual understanding that neither [party] will negotiate further." *Id.* at 410. Miller argues that "[t]he impasse occurred prior to Plaintiff filing suits when Defendants determined that Plaintiff's home sustained minimal storm damage." Dkt. 21 at 2. The court disagrees. Texas courts have rejected the notion that impasse occurs at "the first sign of disagreement." *Universal Underwriters*, 345 S.W.3d at 409. Thus, Miller fails to show when the parties reached an impasse or that an unreasonable amount of time has passed since that time.

Second, "mere delay is not enough to find waiver; a party must show that it has been prejudiced." *Id.* at 411. As the Supreme Court of Texas noted:

> it is difficult to see how prejudice could *ever* be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself. This could short-circuit potential litigation and should be pursued before resorting to the courts.

*Id.* at 412 (emphasis added). Miller had the opportunity to demand appraisal, did not, and now claims he is prejudiced because Allstate exercised its rights. Miller argues, without any evidentiary support, that he has incurred significant litigation expense and that expense will be for nothing if the

court compels appraisal. Dkt. 21 at 5. Miller's unsupported assertions are insufficient for him to meet his burden. Thus, Allstate's motion to compel appraisal and abate the case is GRANTED.

### III. CONCLUSION

Allstate's motion to compel appraisal (Dkt. 20) is GRANTED. Allstate's motion to compel inspection (Dkt. 19) is DENIED AS MOOT. The court STRIKES Allstate's second-filed motion to compel appraisal (Dkt. 22) as set forth in this order. Pursuant to the terms of the policy, Miller shall provide Allstate with the name and address of his chosen appraiser within twenty (20) days from the date of this order. The two appraisers shall agree upon an umpire within fifteen (15) days thereafter. If they cannot agree, the parties may request the court to designate an umpire.

Further, Allstate's request to abate the proceedings (Dkt. 20) pending the appraisal is GRANTED. It is therefore ORDERED that this cause of action is STAYED and administratively (statistically) closed. The parties may move to reinstate the case on the court's active docket at such time in the future as deemed appropriate. A copy of this order shall be attached as an exhibit to any motion to reinstate. If the case is reinstated, the parties may then seek an extension on the deadlines set forth in the court's current scheduling order.

Signed at Houston, Texas on June 20, 2018.

_____
Gray H. Miller
United States District Judge